1

**E-Filed 5/18/2010**

2

3

4

5

6

7

8                 IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11

12   RONALD LEE,                          Case Number C 09-4482 JF (HRL)

13                     Plaintiff,         ORDER[1] GRANTING MOTIONS TO
                                          DISMISS WITH LEAVE TO AMEND;
14          v.                            DENYING MOTION TO STRIKE AS
                                          MOOT; AND GRANTING MOTION
15   AURORA LOAN SERVICES, INC., et al.,  TO EXPUNGE LIS PENDENS

16                     Defendants.        [re: document nos. 47 and 52]

17

18

19

20          Defendants Aurora Loan Services, Inc. ("Aurora") and Mortgage Electronic Registration

21   Systems, Inc. ("MERS") move to dismiss the Plaintiff's amended complaint ("FAC") pursuant to

22   Federal Rule of Civil Procedure 12(b)(6).  Aurora additionally moves to strike portions of the

23   FAC, and to expunge the notice of pendency of action recorded by Plaintiff in Monterey County.

24   The Court has considered the moving and responding papers and the oral arguments of counsel

25   presented at the hearing on May 14, 2010.  For the reasons discussed below, the motions to

26   dismiss will be granted with leave to amend, the motion to strike will be denied as moot, and the

27   _____

28          [1]      This disposition is not designated for publication in the official reports.

1    motion to expunge *lis pendens* will be granted.[2]

2                          **I. BACKGROUND**

3        This action arises out of a loan transaction by which Plaintiff Ronald Lee ("Lee")

4    refinanced his property at 13th Avenue, Carmel, California 93921.  On October 13, 2005, Lee

5    obtained a $926,000 loan from Defendant Homecomings Financial Network, Inc.

6    ("Homecomings"), which was secured by a deed of trust on the property.  FAC ¶ 4; MERS's

7    Req. for Jud. Not. Exhs. 1, 2 (hereinafter "MERS Exh. __").[3]  Defendant Mortgage Electronic

8    Registration Systems, Inc. ("MERS") was the beneficiary under the deed of trust.  MERS Exh. 1.

9    Non-party First American Title Company was the trustee.  *Id*.  Defendant Aurora Loan Services,

10   Inc. ("Aurora"), began servicing the loan in April 2008.  FAC ¶ 8; Aurora's Req. for Jud. Not.

11   Exh. 4 (hereinafter "Aurora Exh. __").

12       In September, 2008, Lee defaulted on his loan payments.  MERS Exh. 2.  MERS

13   executed and recorded a substitution of trustee, substituting Defendant Cal-Western

14   Reconveyance Corporation ("CWRC") as the trustee under the deed of trust.  MERS Exh. 3.

15   CWRC initiated foreclosure proceedings and scheduled a trustee's sale for January 15, 2009.

16   MERS Exh. 4.  On December 30, 2008, Lee executed a loan workout agreement in which he

17   admitted his default under the loan and his lack of defenses, offsets, or counterclaims, and agreed

18   to make certain monthly payments to Aurora.  Aurora Exh. 7.  The trustee's sale was postponed.

19   ―――――――――――――――――――――

20       [2] On May 17, 2010, Lee filed a notice stating that he has filed a Chapter 13 bankruptcy
     petition and asserting an automatic stay of these proceedings.  The automatic stay provision, 11
21   U.S.C. § 362(a), applies only to proceedings brought *against* the bankruptcy debtor.  *In re White*,
     186 B.R. 700, 705 (B.A.P. 9th Cir. 1995).  Because the instant action was brought *by* the debtor,
22   the automatic stay provision does not apply.

23       [3] Both Aurora and MERS seek judicial notice of the documents executed in connection
24   with the loan and subsequent trustee's sale.  Those requests are granted.  For purposes of a
     motion to dismiss under Rule 12(b)(6), the pleadings are deemed to include "documents whose
25   contents are alleged in a complaint and whose authenticity no party questions, but which are not
     physically attached to the pleading."  *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994),
26   overruled on other grounds by *Galbraith v. City of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002);
27   *see also In re Stac Elcs. Sec. Litig.*, 89 F. 3d 1399, 1405 n.4 (9th Cir. 1996) (noting that complete
     copies of documents described in the complaint may be considered in connection with a motion
28   to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)).

                                   2

1    When Lee failed to make the payments required under the workout agreement, CWRC
2    resumed foreclosure proceedings and conducted a non-judicial foreclosure sale of the property on
3    July 8, 2009.  Aurora Exh. 8.  Aurora was the successful bidder at the sale.  *Id*.  The trustee's
4    deed was recorded on July 28, 2009.  *Id*.

5    Lee filed this action on September 23, 2009, alleging misconduct in the loan origination
6    and foreclosure proceedings.  On January 25, 2001, this Court granted the unopposed motions to
7    dismiss brought by Aurora and MERS, and expunged the lis pendens that had been recorded by
8    Lee.  Lee filed the operative first amended complaint ("FAC") on February 17, 2010, alleging
9    claims for:  (1) – (3) violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692f,
10   1692g and 1692e; (4) & (5) violation of the Real Estate Settlement Procedures Act, 12 U.S.C. §
11   2605; (6) violation of the Truth in Lending Act, 15 U.S.C. § 1601; (7) violation of the Bank
12   Tying Act, 12 U.S.C. § 1972;  (8) breach of the implied covenant of good faith and fair dealing;
13   (9) undue influence; (10) quiet title; (11) void or set aside deed of trust; (12) void or set aside
14   foreclosure sale; (13) accounting; (14) fraud; (15) violation of the California Rosenthal Fair Debt
15   Collection Practices Act; and (16) constructive trust.  Lee also alleges two unenumerated claims
16   for injunctive and declaratory relief.  Aurora and MERS seek dismissal of Lee's claims.  In
17   addition, Aurora moves to strike portions of the FAC and to expunge a second notice of
18   pendency of action recorded in Monterey County.

19                                   **II. MOTIONS TO DISMISS**
20   **A.    Legal Standard**

21   "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a
22   cognizable legal theory or sufficient facts to support a cognizable legal theory."  *Mendiondo v.*
23   *Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  For purposes of a motion to
24   dismiss, the plaintiff's allegations are taken as true, and the court must construe the complaint in
25   the light most favorable to the plaintiff.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  "To
26   survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,
27   to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the
28   plaintiff pleads factual content that allows the court to draw the reasonable inference that the

                                                3

1  defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)

2  (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).  Thus, a court need not

3  accept as true conclusory allegations, unreasonable inferences, legal characterizations, or

4  unwarranted deductions of fact contained in the complaint.  *Clegg v. Cult Awareness Network*,

5  18 F.3d 752, 754-755 (9th Cir. 1994).

6      Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot

7  be cured by amendment.  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  When

8  amendment would be futile, however, dismissal may be ordered with prejudice.  *Dumas v. Kipp*,

9  90 F.3d 386, 393 (9th Cir. 1996).

10  **B.    Lee's Disregard Of Page Limits**

11     As an initial matter, Lee disregarded the page limitations imposed by this Court's Civil

12  Local Rules, which limit opposition briefs to twenty-five pages unless the Court expressly orders

13  otherwise.  Civ. L.R. 7-4(b).  Lee's brief in opposition to Aurora's motion is thirty-six pages long

14  and his brief in opposition to MERS's motion is thirty-nine pages long.  Rather than consider

15  only the first twenty-five pages of each brief, the Court will exercise its discretion to consider the

16  briefs in their entirety on this occasion.  However, the Court will not accept any further oversize

17  briefs in this case unless the filing party obtains prior leave to exceed the page limits.  Counsel

18  for Lee is admonished to be familiar with and to observe the Civil Local Rules.

19  **C.    Status Of MERS**

20     Lee alleges that MERS is a suspended California corporation without authority to conduct

21  business in the state.  In its briefing, MERS explains that it has been the victim of identity theft;

22  that the "Mortgage Electronic Registration Systems, Inc." name was registered with the State of

23  California by an unrelated individual; that MERS has filed a trademark infringement suit against

24  the imposter-MERS; and that the imposter-MERS is listed as a suspended corporation by the

25  California Secretary of State.  The Court takes judicial notice of the preliminary injunction issued

26  in this district describing these events.

27     Defendant MERS asserts that it is a Delaware corporation and as such is treated as a

28  foreign corporation in the State of California.  *See* Cal. Corp. Code §§ 167, 171.  A foreign

4

1  corporation is required to obtain a certificate of qualification from the Secretary of State before it

2  transacts interstate business.  *See* Cal. Corp. Code § 2105(a).  In its briefing, MERS asserts that it

3  is not transacting interstate business within the meaning of the statute, because it performs only

4  exempted activities of "creating evidences of debt or mortgages, liens or security interests on real

5  or personal property," *see* Cal. Corp. Code § 191(c)(7), or "enforcement of any loans by trustee's

6  sale, judicial process or deed in lieu of foreclosure or otherwise," *see* Cal. Corp. Code §

7  191(d)(3).  Lee asserts that MERS engages in activities that fall outside the exemptions provided

8  by the cited California Corporations Code sections, and thus that MERS transacts interstate

9  business without the requisite certificate of qualification.  This dispute presents questions of fact

10  not amenable to resolution on a motion to dismiss.  If and when this action proceeds beyond the

11  pleading stage, Lee may litigate the application of the relevant code sections to MERS.

12  **D.      Fair Debt Collection Practices Act (Claims 1-3) And California Rosenthal Act**

13  **(Claim 15)**

14          Claims 1-3 and 15 allege that the conduct of Aurora and MERS and the other defendants

15  in connection with the foreclosure sale violated the federal Fair Debt Collection Practices Act

16  ("FDCPA") and its California counterpart, the Rosenthal Fair Debt Collection Practices Act

17  ("Rosenthal Act").  Those statutes proscribe certain conduct by "debt collectors."  *See* 15 U.S.C.

18  §§ 1692e, 1692f, 1692g; Cal. Civ. Code § 1788.10.  The FDCPA defines "debt collector" as "any

19  person who uses any instrumentality of interstate commerce or the mails in any business the

20  principal purpose of which is the collection of any debts, or who regularly collects or attempts to

21  collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15

22  U.S.C.A. § 1692a(6).  The Rosenthal Act defines "debt collector" as "any person who, in the

23  ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt

24  collection."  Cal. Civ. Code § 1788.2(c).

25          Aurora and MERS assert that as a matter of law they do not qualify as "debt collectors"

26  and that the act of foreclosing on a property pursuant to a deed of trust does not qualify as "debt

27  collection" under the statutes.  There is no controlling Ninth Circuit authority on this issue.

28  Several district courts in the circuit have concluded that foreclosing on a deed of trust is not

Case No. C 09-4482 JF (HRL)
ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND ETC.
(JFLC2)

1   "debt collection" under the FDCPA.  *See, e.g.*, *Mansour v. Cal-Western Reconveyance Corp.*,

2   618 F. Supp. 2d 1178, 1182 (D. Ariz. 2009) (holding that non-judicial foreclosure proceedings

3   do not constitute debt collection for purposes of the FDCPA); *Hulse v. Ocwen Federal Bank,*

4   *FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002) ("[f]oreclosing on a trust deed is distinct from

5   the collection of the obligation to pay money. . . .  Payment of funds is not the object of the

6   foreclosure action.  Rather, the lender is foreclosing its interest in the property.").  However,

7   other courts within this circuit have questioned this conclusion.  *See, e.g.*, *Carter v. Deutsche*

8   *Bank Nat'l Trust Co.*, 2010 WL 1875718, at *1-2 (N.D. Cal. May 7, 2010) (denying motion to

9   dismiss FDCPA claim against foreclosure trustee); *Allen v. United Financial Mortg. Corp.*, 2010

10  WL 1135787, at *6 (N.D. Cal. March 22, 2010) (denying motion to dismiss FDCPA claim based

11  upon a non-judicial foreclosure).

12      Even assuming that the institution of non-judicial foreclosure proceedings by a loan

13  servicer and a beneficiary under a deed of trust theoretically could give rise to liability under the

14  FDCPA and the Rosenthal Act, Lee has failed to allege facts sufficient to state a claim under

15  those statutes.  His first claim alleges violation of 15 U.S.C. § 1692f, prohibiting *inter alia*

16  "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of

17  property if (A) there is no present right to possession of the property claimed as collateral

18  through an enforceable security interest."  15 U.S.C. § 1692f(6)(A).  Lee appears to allege that

19  Defendants had no present right to possession of the property, and thus no right to commence

20  foreclosure proceedings, because they did not have actual physical possession of the note.  This

21  argument have been rejected by numerous courts.  *See, e.g.*, *Putkkuri v. ReconTrust Co.*, 2009

22  WL 32567, at *2 (S.D. Cal. Jan. 5, 2009) ("Production of the original note is not required to

23  proceed with a non-judicial foreclosure."); *Tina v. Countrywide Home Loans, Inc.*, 2008 WL

24  4790906, at *8 (S.D. Cal. Oct. 30, 2008) ("under California law, an allegation that the trustee did

25  not have the original note or had not received it is insufficient to render the foreclosure

26  proceeding invalid") (internal quotation marks and citation omitted).  Likewise unavailing is

27  Lee's argument that Defendants lacked authority to commence foreclosure proceedings.  *See*

28  *Moeller v. Lien*, 25 Cal. App. 4th 822, 830-32 (1994) (summarizing California law regarding

6

1    nonjudicial foreclosure proceedings).

2        Lee's second claim alleges violation of 15 U.S.C. § 1692g, requiring that debt collectors

3    send the consumer certain information in writing.  The third claim alleges violation of 15 U.S.C.

4    § 1692e, prohibiting the use of false, deceptive, or misleading representations or means in

5    connection with collection of a debt.  The fifteenth claim alleges that all defendants threatened to

6    take actions not permitted by law, including foreclosing on a void security interest, foreclosing

7    upon a note of which they were not in possession, falsely stating the amount of the debt,

8    increasing the amount of a debt, and using unfair and unconscionable means to attempt to collect

9    a debt.  None of these claims provides any specificity with respect to the alleged conduct of

10   Aurora and MERS.

11       Because Lee has failed to allege a violation of the FDCPA or the Rosenthal Act, even

12   assuming that those acts apply here, his first, second, third, and fifteenth claims will be dismissed

13   with leave to amend.  If and when Lee alleges an otherwise viable claim under the statutes in

14   question, there may be guidance from the Ninth Circuit as to the applicability of the statutes in

15   the nonjudicial foreclosure context.  If not, this Court will take up the applicability of the statutes

16   at that time.

17   **E.    RESPA (Claims 4-5[4])**

18       In his fourth claim, Lee alleges that Defendants "assigned, sold or transferred the

19   servicing of the Plaintiff's federally related mortgage loan to another person or entity more than

20   once."  FAC ¶ 92.  Presumably Lee is attempting to allege a violation of 12 U.S.C. § 2605(b)(1),

21   requiring that "[e]ach servicer of any federally related mortgage loan shall notify the borrower in

22   writing of any assignment, sale, or transfer of the servicing of the loan to any other person."

23   Lee's allegations are inadequate to state a claim under this section, because he fails to provide

24   any details as to what assignment, sale, or transfer of the loan is at issue, and what each particular

25   defendant did or did not do in connection with such assignment, sale, or transfer.

26

27   _____

28       [4] Claim 5 is captioned as "Violation Of The Bank Tying Act - 12 USCS § 1972";
     however, the text of the claim alleges violations of RESPA.

                                          7

1    In his fifth claim, Lee alleges that Defendants violated RESPA by paying kickbacks.

2    FAC ¶ 96.  Again, Lee does not provide adequate specificity as to what each defendant did.

3    Moreover, the RESPA claims appear to be time-barred.  An action alleging violation of

4    12 U.S.C. § 2605 must be brought within three years of such violation, and an action alleging

5    violation of §§ 2607 or 2608 must be brought within one year of such violation.  The loan

6    transaction at issue closed on October 13, 2005.  Lee did not file this action until September 23,

7    2009, almost four years later.  To the extent that Lee's RESPA claims are based upon conduct

8    post-dating the loan transaction itself, he has not alleged such conduct with the requisite

9    specificity.

10    Accordingly, the RESPA claims will be dismissed with leave to amend.

11    **F.    TILA (Claim 6)**

12    The sixth claim alleges violations of the Truth in Lending Act ("TILA").  This claim

13    appears to be time-barred.  A TILA claim begins to run when the transaction underlying the

14    alleged violations is "consummated."  *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986).

15    The loan transaction at issue in this case closed on October 13, 2005.  Lee had one year after that

16    date to seek money damages, *see* 15 U.S.C. § 1640(e), but did not file suit for almost four years.

17    "[T]he doctrine of equitable tolling may, in the appropriate circumstances, suspend the

18    limitations period until the borrower discovers or had reasonable opportunity to discover the

19    fraud or nondisclosures that form the basis of the TILA action."  *King*, 784 F.2d at 915.  While

20    Lee alleges that he "did not have a reasonable opportunity to discover the fraud and/or

21    nondisclosure of the Defendants," FAC ¶ 109, he does not provide any specific facts in support

22    of this conclusory allegation.

23    Lee's right to rescind the transaction expired "three years after the date of the

24    consummation of the transaction or upon sale of the property, whichever occur[ed] first."  15

25    U.S.C. § 1635(f).  The Ninth Circuit has recognized that "§ 1635(f) is a statute of repose,

26    depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the

27    three-year limitation period."  *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir.

28    2002).  Because the trustee's sale already has been conducted, and because Lee brought suit more

8

1  than three years after the loan closed, any right to rescind has expired.

2   The TILA claim will be dismissed with leave to amend as to the damages claim, and

3  without leave to amend as to the rescission claim.

4  **G. Bank Tying Act (Claim 7)**

5   The Bank Tying Act imposes civil penalties for specified conduct by banks or

6  "institution-affiliated" parties.  12 U.S.C. § 1972(2)(F).  MERS is not a bank, nor has Lee alleged

7  facts demonstrating that MERS is an "institution-affiliated party" within the meaning of the

8  statute.  Accordingly, the seventh claim will be dismissed with leave to amend.

9  **H. Breach Of Implied Covenant (Claim 8)**

10   The eighth claim alleges that Defendants breached the implied covenant of good faith and

11  fair dealing by claiming that Lee had defaulted without taking measures to ensure the accuracy of

12  the debt, and by failing to offer Lee a reasonable loan workout before commencing nonjudicial

13  foreclosure proceedings.

14   "The implied covenant of good faith and fair dealing rests upon the existence of some

15  specific contractual obligation." *Racine & Laramie, Ltd. v. Dep't of Parks & Rec.*, 11 Cal. App.

16  4th 1026, 1031 (1992).  "In essence, the covenant is implied as a supplement to the express

17  contractual covenants, to prevent a contracting party from engaging in conduct which (while not

18  technically transgressing the express covenants) frustrates the other party's rights to the benefits

19  of the contract."  *Id*. at 1031-32 (internal quotation marks and citation omitted).

20   As an initial matter, Lee fails to allege a contract between himself and either Aurora or

21  MERS.  Moreover, he does not allege any express contractual obligation requiring the

22  negotiation of a modification of the loan, or "workout."  Accordingly, the eighth claim will be

23  dismissed with leave to amend.

24  **I. Undue Influence (Claim 9)**

25   The ninth claim alleges undue influence.  Undue influence is not an independent claim,

26  but rather a defense to the formation of a contract.  *See* Cal. Civ. Code §§ 1575 (defining undue

27  influence); 1566 (providing that a contract not freely entered may be rescinded).  Accordingly,

28  the freestanding claim of undue influence will be dismissed without leave to amend.

9

1  **J.      Quiet Title (Claim 10)**

2       "The purpose of a quiet title action is to establish one's title against adverse claims to

3  real property. A basic requirement of an action to quiet title is an allegation that plaintiffs 'are the

4  rightful owners of the property, i.e., that they have satisfied their obligations under the Deed of

5  Trust.'" *Santos v. Countrywide Home Loans*, 2009 WL 3756337, at *4 (E.D. Cal. Nov. 6, 2009)

6  (quoting *Kelley v. Mortgage Elec. Reg. Sys., Inc.*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009)).

7  "[A] mortgagor cannot quiet his title against the mortgagee without paying the debt secured."

8  *Watson v. MTC Financial, Inc.*, 2009 WL 2151782, at *4 (E.D. Cal. Jul. 17, 2009) (quoting

9  *Shimpones v. Stickney*, 219 Cal. 637, 649 (1934)). Lee no longer is the owner of the property,

10 and he has failed to allege facts demonstrating that he nonetheless is the "rightful" owner.

11 Moreover, he has not alleged that he paid the debt secured by the property or that he has the

12 present ability to do so. Accordingly, the quiet title claim will be dismissed with leave to amend.

13 **K.      Void Or Set Aside Deed Of Trust (Claim 11) And Trustee's Sale (Claim 12)**

14      The bases for Lee's claims seeking to void or set aside the deed of trust and the trustee's

15 sale are unclear. Lee has failed to allege facts demonstrating that the trustee's sale was improper.

16 Moreover, he has failed to allege a present ability to tender the debt on the loan. Accordingly,

17 these claims will be dismissed with leave to amend.

18 **L.      Accounting (Claim 13)**

19      Lee claims that Defendants owe him an accounting of monies due and owing. "A request

20 for a legal accounting must be tethered to relevant actionable claims." *Hafiz v. Greenpoint*

21 *Mortg. Funding, Inc.*, 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009). Lee's request is not

22 anchored to any viable claim. To the extent that Lee requests an accounting as an equitable

23 remedy, he has failed to demonstrate a fiduciary relationship between himself and Defendants, or

24 a sum owing to him by Defendants. *See id*. Accordingly, the claim for accounting will be

25 dismissed with leave to amend.

26 **M.      Fraud (Claim 14)**

27      Lee alleges fraud in the origination of his loan and during subsequent events. The

28 elements of a claim for intentional fraud under California law are: (1) a misrepresentation or

10

1  omission, (2) knowledge of falsity (scienter), (3) intent to defraud, (4) justifiable reliance and (5)

2  resulting damages. *Lazar v. Superior Court*, 12 Cal.4th 631, 638 (1996). Fraud claims asserted

3  in federal court must comply with the requirements of Federal Rule of Civil Procedure 9(b),

4  which provides that allegations of fraud must be stated with particularity. Fed. R. Civ. P. 9(b).

5       Lee's allegations do not meet these standards. With respect to origination of his loan,

6  neither Aurora nor MERS was the originator, so no liability could lie against them. With respect

7  to the foreclosure sale, Lee alleges that "MERS falsely represented it was the Beneficiary under

8  the Deed of Trust, when MERS it [sic] knew it was [sic] in fact was not the Beneficiary under the

9  Deed of Trust." FAC ¶ 166. Lee fails to allege facts showing that MERS was not the beneficiary

10 under the deed of trust. The deed of trust itself identifies MERS as "the beneficiary under this

11 Security Instrument." MERS Exh. 1. Moreover, Lee fails to allege how he relied to his

12 detriment upon MERS's assertion that it was the beneficiary under the deed of trust. Lee's

13 allegations against Aurora are similarly deficient.

14 **N.    Constructive Trust (Claim 16)**

15      Constructive trust is not an independent claim but rather an equitable remedy. *Glue-Fold,*

16 *Inc. v. Slautterback Corp.*, 82 Cal. App. 4th 1018, 1023 n.3 (2008). Accordingly, the sixteenth

17 claim will be dismissed without leave to amend, but without prejudice to the request for the

18 imposition of a constructive trust if and when Lee alleges a viable claim that could give rise to

19 such a remedy.

20 **O.    Unenumerated Claims For Injunctive And Declaratory Relief**

21      Because Lee has failed to allege a viable substantive claim, he has failed to demonstrate

22 that he is entitled to injunctive or declaratory relief at this time.

23                              **III. MOTION TO STRIKE**

24      Aurora moves to strike Lee's request for punitive damages in the event that any claim

25 survives the motions to dismiss. Because Lee has failed to allege any viable claims, the motion

26 to strike is moot.

27                              **IV. MOTION TO EXPUNGE**

28      Because Lee has failed to allege any viable claims for relief, and has failed to demonstrate

11

1    a future ability to do so, the motion to expunge lis pendens will be granted.

2                                    **V. ORDER**

3        (1)      The motions to dismiss are GRANTED WITH LEAVE TO AMEND IN PART as
                  set forth herein; any amended pleading shall be filed within twenty (20) days after
4                 the date of this order;

5        (2)      The motion to strike is DENIED AS MOOT; and

6        (3)      The motion to expunge lis pendens is GRANTED.

7

8

9    DATED:   5/18/2010

10                                                    _____
11                                                   JEREMY FOGEL
                                                     United States District Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                              12